UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES MATTHEW WHORTON,<br>    Plaintiff,<br>v.<br><br>JODI DEANGELO,<br><br>    Defendant.<br>_____/ | Case No.: 21-11046<br><br>Denise Page Hood<br>Chief United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 16)

**I.    PROCEDURAL HISTORY**

Plaintiff James Matthew Whorton, who is proceeding without counsel and *in forma pauperis*, filed a 42 U.S.C. § 1983 prison civil rights complaint against Defendant Jodi DeAngelo alleging unconstitutional conditions of confinement and abusive institutional practices.  (ECF No. 1).  This action was later referred to the undersigned for all pretrial proceedings.  (ECF No. 10).  Before the Court is a Motion for Partial Summary Judgment based on failure to exhaust administrative remedies filed by Defendant DeAngelo.  (ECF No. 16).  Plaintiff failed to timely respond to the Motion.  Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned recommends that Defendant's motion for partial summary judgment (ECF No. 16) be **GRANTED**.

## II.   BACKGROUND

Whorton, a post-conviction inmate in the custody of the Michigan Department of Corrections ("MDOC"), is currently housed at the Woodland Correctional Facility ("WCC").  (ECF No. 1).  He is suing Jodi DeAngelo, Warden at WCC, in her individual and official capacities.  (ECF No. 1, PageID.5).

Plaintiff filed his Complaint on April 22, 2021.  (ECF No. 1).  He alleges his Eighth Amendment right to be free from cruel and unusual punishment has been violated by the defendant's failure to provide adequate bedding on several occasions.  (ECF No. 1, PageID.6-7, 8).  Whorton also alleges that abusive institutional practices have violated his right to be free from cruel and unusual punishment.  (ECF No. 1, PageID.7-8, 9).

In support of his claims, he details two incidents in which he maintains his blanket was improperly confiscated (ECF No. 1, PageID.6-7), an incident in which his mattress was improperly removed (ECF No. 1, PageID.8-9), and three incidents in which he alleges unnecessary restraints were used (ECF No. 1, PageID.7-9).

Whorton seeks a declaration that the actions he describes violated his rights; an injunction enjoining Defendant from further retaliation, harassment, and retaliation; compensatory damages of $7,000; punitive damages of $7,000; a jury trial; costs; and any other relief deemed appropriate by the Court.  (ECF No. 1, PageID.10-12).

2

The Defendant moved for partial summary judgment based on exhaustion. (ECF No. 16). The Defendant asserts that Whorton has failed to exhaust these claims: the September 9, 2019 claim related to his blanket being confiscated; and the November 26, 2019 claim Defendant ordered he be escorted using "steel restraints." In support of this Motion, Defendant offered Whorton's grievance reports. Although this Motion for Partial Summary Judgment was filed July 23, 2021, Whorton has not responded.[1] That said, on December 28, 2021, Whorton moved to amend his complaint (ECF No. 25) and moved for appointment of counsel.[2] (ECF No. 26).

### III. DISCUSSION

A. Legal Standards

1. Summary Judgment

Summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows

---

[1] The Court granted Plaintiff two extensions of time to file his response. (*See* ECF Nos. 22, 24). In both Orders, the Court warned Plaintiff that failure to file a timely response could result in granting all or part of the relief requested by the moving party.

[2] Plaintiff's motions will be addressed separately at the proper time following Defendant's responses.

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When evaluating a motion for summary judgment, the Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some

4

metaphysical doubt as to the material facts, there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citation omitted). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

That Plaintiff is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz [v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a *pro se* litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming

grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion").

    2. <u>The Prison Litigation Reform Act</u>

Because Whorton is a prisoner pursuing a civil action seeking redress from government employees, the Prison Litigation Reform Act ("PLRA") applies and requires that this case be screened. The PLRA provides that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is (1) frivolous, malicious, or fails to state a claim upon which may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Accordingly, the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

The PLRA also requires prisoners to exhaust available administrative remedies before filing a lawsuit. 42 U.S.C. § 1997e(a). This exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v.*

*Ngo*, 548 U.S. 81, 89 (2006). Put another way, the purpose of § 1997e(a) is to "reduce the quantity and improve the quality of prisoner suits[.]" *Porter v. Nussle*, 534 U.S. 516, 524 (2002). In addition, exhaustion "gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures." *Woodford*, 548 U.S. at 89 (internal quotation marks and citation omitted).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The prison's grievance process determines when a prisoner has properly exhausted his or her claim. *Id.* at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). Even where a prisoner has made some attempts to go through the prison's grievance process, "[t]he plain language of the statute makes exhaustion a precondition to filing an action in federal court." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

The prisoner "may not exhaust administrative remedies during the pendency of the federal suit." *Id.* (citations omitted); *see also Woodford*, 548 U.S. at 95 ("A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance

carries a sanction. . . .").  That said, "the PLRA and Federal Rule of Civil Procedure 15 permit a plaintiff to amend his complaint to add claims that were exhausted after the commencement of the lawsuit, provided that the plaintiff's original complaint contained at least one fully exhausted claim."  *Mattox v. Edelman*, 851 F.3d 583, 595 (6th Cir. 2017).

Finally, "inmates are not required to specifically plead or demonstrate exhaustion in their complaints."  *Jones*, 549 U.S. at 216.  Instead, failure to exhaust administrative remedies is an affirmative defense under the PLRA.  *Id.*  As a result, defendants bear the burden of proof on exhaustion.  *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012) ("A PLRA defendant bears the burden of proving that a PLRA plaintiff has not exhausted his administrative remedies.").

The MDOC has implemented a policy directive through which prisoners may seek review of a complaint or grievance relating to any aspect of their incarceration.  Policy Directive 03.02.130, dated March 18, 2019, governs the procedure.  First, the inmate must attempt to resolve issues with the staff member involved within two business days of becoming aware of a grievable issue.  (ECF 16-2, PageID.119, at ¶ Q).  If the issues are not resolved within five business days, the inmate may file a Step I grievance using the appropriate form.  (*Id.*).  "Dates, times, places, and names of all those involved in the issue being grieved are to be

included." (*Id.* at ¶ S). The inmate should receive a response at Step I within fifteen business days of filing the grievance. (*Id.* at ¶ T).

If the inmate is dissatisfied with the Step I disposition, or does not receive a response by ten business days after the due date, he or she may file a Step II grievance using the appropriate form. (*Id.* at PageID.121, at ¶ DD). As with Step I, the inmate should receive the Step II response within fifteen business days. (*Id.* at ¶ EE). Similarly, if the inmate is dissatisfied with the Step II response or does not receive a response by ten business days after the due date, the inmate may file a Step III grievance. (*Id.* at PageID.122, at ¶ HH). The matter is fully exhausted after the disposition of the Step III grievance. *Surles*, 678 F.3d at 455 ("A grievant must undertake all steps of the MDOC process for his grievance to be considered fully exhausted.").

B. Analysis

In his Complaint, Whorton contends he exhausted all claims, as they were grieved at all three steps. (ECF No. 1). In support of her Motion for Partial Summary Judgment, the Defendant offers Whorton's grievance reports to illustrate the factual basis of Defendant's failure to exhaust defense. According to the reports, related to claim 2, on September 20, 2019, Whorton complained Warden DeAngelo improperly removed his blanket on September 9, 2019, and refused to return it. (ECF No. 16-3, PageID.191). At the first step, it was noted Plaintiff

failed to list how he sought to resolve the issue prior to filing his grievance. (*Id.*) At the second step, the appeal was denied. (ECF No. 16-3, PageID.190). At step three the rejection was again affirmed. (ECF No. 16-3, PageID.188). As to claim 6, on December 2, 2019, Whorton complained that on November 26, 2019, he was forced to remain in restraints even though he felt it unnecessary. At the first step, it was noted he was placed in restrictions identified in his management plan to ensure safety, security, mental health, and behavioral needs. (ECF No. 16-3, PageID.195). Thus, his grievance was denied. (*Id.*). At step two, the decision was upheld. (ECF No. 16-3, PageID.194). At step three, the grievance was rejected as untimely filed. (ECF No. 16-3, PageID.192).

Although Whorton alleges his claims were properly exhausted, he has produced no evidence which contradicts the grievance reports. Claim 2 was not properly exhausted because Whorton did not list any attempt to resolve the issue prior to filing the grievance in violation of ¶ Q of MDOC grievance policy. (ECF No.16-2, PageID.119, at ¶ Q). Claim 6 was not properly exhausted because Whorton's appeal to Step III was untimely in violation of ¶ HH. (*Id.* at PageID.122, at ¶ HH). Whorton has therefore failed to properly exhaust those two conditions of confinement claims: Because Whorton did not fully and properly exhaust these claims before filing suit, dismissal of these claims is mandatory. Plaintiff's claim related to the removal of his blanket on September 9, 2019 and his

November 26, 2019 claim he was improperly restrained should be dismissed without prejudice as barred by 42 U.S.C. § 1997e(a). For now, Whorton's remaining claims should be allowed to proceed.

## IV. RECOMMENDATION

Based on the above analysis, the undersigned **RECOMMENDS** that Defendant's motion for partial summary judgment (ECF No. 16) be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 13, 2022.
                                                s/Curtis Ivy, Jr.
                                                Curtis Ivy, Jr.
                                                United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on January 13, 2022.

                                                s/Kristen MacKay
                                                Case Manager
                                                (810) 341-7850