UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MATTHEW WHORTON,

      Plaintiff,

v.

JODI DEANGELO,

      Defendant.

_____/

Case No.: 21-11046

Denise Page Hood
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS TO AMEND COMPLAINT AND APPOINT COUNSEL (ECF Nos. 25, 26)

### I.     BACKGROUND

Plaintiff James Matthew Whorton, who is proceeding without counsel and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint against Defendant Jodi DeAngelo alleging unconstitutional conditions of confinement and abusive institutional practices. (ECF No. 1). This action was later referred to the undersigned for all pretrial proceedings. (ECF No. 10). The undersigned recommended that Plaintiff's requests for restraining orders be denied. (ECF No. 20). The undersigned also recommended that Defendant's motion for partial summary judgment be granted because Plaintiff failed to exhaust Claims 2 and 6 of his complaint through the grievance process. (ECF No. 28). Judge Hood adopted the recommendations, denied Plaintiff's requests for restraining orders, and granted

Defendant's motion for partial summary judgment for failure to exhaust.  (ECF No. 31).  Claims 2 and 6 of Plaintiff's original complaint were dismissed.  (*Id.* at PageID.317).  Plaintiff has now moved to amend his complaint (ECF No. 25) and for the appointment of counsel (ECF No. 26).

## II.    DISCUSSION

### A. Motion to Amend Complaint (ECF No. 25)

In Plaintiff's motion to amend his complaint, he seeks compensatory and punitive damages because Defendant retaliated against him for filing this complaint.  (ECF No. 25, PageID.276).  Plaintiff alleges he was placed in observation and lost privileges after he sued Defendant.  (*Id.*).  So Plaintiff asks that these new claims be added to his complaint under 42 U.S.C. § 1983 and Fed. R. Civ. P. 15(a)(2).  (*Id.* at PageID.275).

Plaintiff's motion does not include an amended complaint that reproduces the complaint as a whole as amended.  Thus, the motion is improper.  Local Rule 15.1 requires that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must . . . reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."  E.D. Mich. L.R. 15.1.

For this reason, Plaintiff's motion to amend complaint (ECF No. 25) is

**DENIED WITHOUT PREJUDICE**.  If he chooses, Plaintiff may file a proper

motion to amend that complies with Local Rule 15.1.

### B.  Motion to Appoint Counsel (ECF No. 26)

In Plaintiff's motion to appoint counsel, he asks that the Court appoint

counsel to represent him because he cannot afford counsel.  (ECF No. 26,

PageID.279).  He also argues he needs counsel because the issues of his case are

complex, he has limited access to the prison law library, and he needs help with

discovery.  (*Id.*).  And Plaintiff claims he has limited knowledge of the law, he has

limited education, and he has a history of mental illness.  (*Id.* at PageID.279-80).

So the ends of justice would be served by appointing Plaintiff counsel.  (*Id.* at

PageID.280).

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to

represent an indigent plaintiff.  *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir.

1992).  There is no constitutional right to the appointment of counsel in civil cases.

*Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981).  With few exceptions,

it is the practice of this Court to consider the appointment of counsel in prisoner

civil rights cases only where exceptional circumstances exist, or in certain cases

only after a motion to dismiss or for summary judgment has been decided.  *Lavado*

*v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified

only by exceptional circumstances.").  To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success.  *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

Plaintiff's claims are against one defendant and do not appear exceedingly complex.  Also, his filings show he has an adequate understanding of the issues involved here, and he has an adequate understanding of litigation.  The difficulties a prisoner-litigant may have in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties do not require the appointment of counsel.  *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *see also Ouellette v. Hills*, 2016 WL 5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance.").  Though the Court decided a motion for summary judgment, this motion was not decided in Plaintiff's favor or on the merits of his claims.  (ECF No. 31, PageID.317).  Should a dispositive motion be decided in his favor on the merits of his claims, he may re-file the motion for the appointment of counsel.

For the reasons stated above, Plaintiff's motion for appointment of counsel (ECF No. 26) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: June 22, 2022

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge