UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MATTHEW WHORTON,

      Plaintiff,

v.

JODI DEANGELO,

      Defendant.

_____/

Case No.: 21-11046

Denise Page Hood
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 41)

### I.    BACKGROUND

Plaintiff James Matthew Whorton, who is proceeding without counsel and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint against Defendant Jodi DeAngelo alleging unconstitutional conditions of confinement and abusive institutional practices.  (ECF No. 1).  This action was later referred to the undersigned for all pretrial proceedings.  (ECF No. 10).  The undersigned recommended that Plaintiff's requests for restraining orders be denied.  (ECF No. 20).  The undersigned also recommended that Defendant's motion for partial summary judgment be granted because Plaintiff failed to exhaust Claims 2 and 6 of his complaint through the grievance process.  (ECF No. 28).  Judge Hood adopted the recommendations, denied Plaintiff's requests for restraining orders, and granted

Defendant's motion for partial summary judgment for failure to exhaust.  (ECF No. 31).  Claims 2 and 6 of Plaintiff's original complaint were dismissed.  (*Id.* at PageID.317).  Plaintiff moved to amend his complaint and for the appointment of counsel.  (ECF No. 25; ECF No. 26).  The undersigned denied both motions without prejudice.  (ECF No. 34).

Defendant moved for leave to depose Plaintiff, which the Court granted.  (ECF 36, ECF 37).  On August 8, 2022, Plaintiff filed a letter alleging Defendant DeAngelo threatened his life in retaliation for this lawsuit.  (ECF No. 38, PageID.348).  Plaintiff alleges he is experiencing dizziness, "blurred vision," [a]nd is puking up blood" following Defendant's alleged threats.  (*Id.* at 349).  That said, the Court does not respond to letters, only to motions.  This matter is presently before the Court on Plaintiff's renewed motion to appoint counsel.  (ECF No. 41).

## II.   DISCUSSION

In Plaintiff's renewed motion to appoint counsel, he advances the same arguments he raised in his first motion for counsel with the exception of one new argument.

In terms of the arguments he that he raised in his first motion to appoint counsel, Plaintiff asks that the Court appoint counsel to represent him because he cannot afford counsel, that he needs counsel because the issues of his case are complex, he has limited access to the prison law library, he needs help with

discovery, he has limited knowledge of the law, he has limited education, and he has a history of mental illness.  (ECF No. 26, PageID.279-80; ECF No. 41, 369-60).  So the ends of justice would be served by appointing Plaintiff counsel.  (ECF No. 26, PageID.280; ECF No. 41, Page ID.360).

Plaintiff's new argument is that he has attempted to retain counsel but has not had success in finding counsel willing to take his case.  (ECF No. 41, PageID.360).  Plaintiff asserts he has attempted to hire several different attorneys and has reached out to the State Bar of Michigan "to no avail."  (*Id.*).[1]

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff.  *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992).  There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981).  With few exceptions, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided.  *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances.").  To make the determination whether there

---

[1] Insofar as Plaintiff may have advanced other arguments in the handwritten portions of his brief, those arguments are illegible, and the Court therefore can not consider them.  In drafting, a dark colored writing implement such as a black ink pen should be used, and adequate pressure applied to ensure handwritten filings may be read.

are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

In considering an application for appointment of counsel the Court should consider the *pro se* litigant's prior efforts to retain counsel. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985); *Searcy v. Macomb Co Jail*, 2015 U.S. Dist. LEXIS 50341, at *1 (E.D. Mich., Apr. 16, 2015) (declining to appoint counsel where indigent plaintiff had attempted to hire counsel but received no response); *Pasha v. Payton*, 2018 U.S. Dist. LEXIS 211081, at *4 (E.D. Ky., Dec. 14, 2018) (same).

Plaintiff's claims are against one defendant and do not appear exceedingly complex. Also, his filings show he has an adequate understanding of the issues involved here, and he has an adequate understanding of litigation. The difficulties a prisoner-litigant may have in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties do not require the appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *see also Ouellette v. Hills*, 2016 WL 5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an

4

exceptional circumstance.").  Plaintiff's difficulty in retaining counsel are, likewise, often present in prisoner civil rights cases and therefore do not necessarily qualify as an exceptional circumstance.  *Searcy*, 2015 U.S. Dist. LEXIS at \*1 (declining to appoint counsel where indigent plaintiff had attempted to hire counsel but received no response); *Pasha*, 2018 U.S. Dist. LEXIS at \*4 (same).

For the reasons stated above, Plaintiff's motion for appointment of counsel (ECF No. 41) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: November 29, 2022              s/Curtis Ivy, Jr.
                                     Curtis Ivy, Jr.
                                     United States Magistrate Judge

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on November 29, 2022.

<u>s/Kristen MacKay</u>
Case Manager
(810) 341-7850

6