UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES MATTHEW WHORTON,<br>　　　　　　　Plaintiff, | Case No. 21-11046 |
| v. | Denise Page Hood<br>United States District Judge |
| JODI DEANGELO,<br>　　　　　　　Defendant.<br>_____/ | Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER RESCINDING REPORT AND RECOMMENDATION (ECF No. 53)
and EXTENDING TIME TO RESPOND TO MOTION FOR SUMMARY
JUDGMENT**

　　Because Plaintiff did not file a response in opposition to Defendant's motion for summary judgment and did not respond to the Court's Order to Show Cause for his failure to do so, the undersigned recommended that this case be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b).  (ECF No. 53).  After the report and recommendation was filed, a request from Plaintiff was filed.  (ECF No. 54).  In this request, Plaintiff explains that he was incapable of filing a response brief because he spent weeks in the hospital and in suicide prevention at the prison during his time to respond.  In addition, he did not have legal assistance from the prison program during that time.  He requests an enlargement of time to file his response.

　　The Court accepts Plaintiff's reasons for his failure to file a timely response brief and response to the Order to Show Cause.  The report and recommendation is

**RESCINDED**. As to his request for more time to respond, the request is **GRANTED**. Requests for enlargement of time made after the time to act has passed must show that the failure to act was because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). To determine whether the failure to file a response within the allotted time constitutes excusable neglect, the Court weighs these factors: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the late-filing party, and (5) whether the late-filing party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citation omitted). These factors weigh in favor of an extension. The delay has not been excessive, medical issues are not within Plaintiff's control, and Defendant will not be prejudiced by the extension.

Plaintiff must file his response to the motion for summary judgment **on or before June 30, 2023**. Further extensions will not be granted absent extraordinary circumstances.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R.

2

Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: June 1, 2023    s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 1, 2023, by electronic means and/or ordinary mail.

s/Kristen MacKay
Case Manager
(810) 341-7850