# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES MATTHEW WHORTON,

    Plaintiff,

                                      Case No. 21-11046

v.

                                      HON. DENISE PAGE HOOD

JODI DEANGELO,

    Defendant.

_____/

**ORDER ACCEPTING AND ADOPTING**
**REPORT AND RECOMMENDATION (ECF NO. 60),**
**GRANTING DEFENDANT'S MOTION**
**FOR SUMMARY JUDGMENT (ECF NO. 46)**
**AND**
**DISMISSING ACTION**

    This matter is before the Court on Magistrate Judge Curtis Ivy, Jr.'s Report and Recommendation regarding Plaintiff James Matthew Whorton's remaining claims[1] against Defendant Jodi DeAngelo filed August 15, 2023. (ECF No. 60) Objections were filed to the Report and Recommendation by Plaintiff. (ECF Nos. 63, 64)

    The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo*

---

[1]On March 30, 2022, the Court entered an Order Accepting and Adopting the Magistrate Judge's Reports and Recommendations denying Plaintiff's Requests/Motions for Restraining Order and granting Defendant's Motion for Partial Summary Judgment as to Claims 2 and 6. (ECF No. 31)

determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs*., 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

After review of the August 15, 2023 Report and Recommendation, the Court finds that the Magistrate Judge's conclusions are correct. The Court further finds that Plaintiff failed to rebut Defendant's properly supported Motion for Summary Judgment as to the remaining claims. The remaining claims will be dismissed: Claim One – Warden DeAngelo was not personally involved because she did not authorize the removal of the blanket; Claim Three – Warden DeAngelo is not personally involved because she did not authorize the "black box" restraints; Claim Four – Warden DeAngelo was not personally involved in removing Whorton's mattress because she was not the decisionmaker on the mattress removal; and, Claim Five –

Warden DeAngelo did sign the Management Order. The Court addresses below the Objections to the Report and Recommendation raised by Plaintiff.

Plaintiff's Objection No. 1 is overruled as to the Magistrate Judge's finding that Plaintiff failed to show cruel and unusual punishment by Defendant when Plaintiff's blanket was taken while strapped to the bed. The Court accepts the Magistrate Judge's findings that Defendant was not personally involved in this act because she did not sign the orders to remove the blanket. The Court further accepts the Magistrate Judge's findings and conclusion that even if Defendant was involved, the removal of the blanket did not amount to cruel and unusual punishment since Plaintiff did not suffer unnecessary and wanton infliction of pain.

Plaintiff's Objection No. 2 is also overruled as to the Magistrate Judge's finding that Defendant did not authorize the black box restraints. The use of the black box restraints was authorized by a deputy warden. The Court accepts the Magistrate Judge's findings that even if Defendant was personally involved, requiring the black box restraints was necessary and not excessive punishment. As found by the Magistrate Judge, Plaintiff was taken to the hospital after acts of harming himself in prison. The Court agrees with the Magistrate Judge that using the black box restraints did not constitute cruel and unusual punishment. The black box restraints prevented Plaintiff from further harming himself by gaining access to various objects in the

hospital room while recovering at the hospital.

As to Objection No. 3 regarding the removal of the mattress, the Court overrules the Objection. The Court agrees with the Magistrate Judge that Defendant was not involved in removing the mattress. Even if Defendant was involved, the Court further agrees with the Magistrate Judge that the removal of the mattress did not amount to cruel and unusual punishment.

Plaintiff asserts in his Objections that he intended to file a response to Defendant's Motion for Summary Judgment. The Court agrees with the Magistrate Judge that Plaintiff had sufficient time to respond to Defendant's Motion for Summary Judgment. The Magistrate Judge entered at least five orders setting and extending deadlines for Plaintiff to file a response to Defendant's Motion for Summary Judgment. (See ECF Nos. 47, 50, 52, 55, 57) In any event, the Magistrate Judge considered Plaintiff's position, by way of his deposition and other documents, which were included as attachments to Defendant's Motion for Summary Judgment.

Accordingly,

IT IS ORDERED that Magistrate Judge Curtis Ivy, Jr.'s August 15, 2023 Report and Recommendation **(ECF No. 60)** is **ACCEPTED AND ADOPTED** as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment

**(ECF No. 46)** is **GRANTED**.

IT IS FURTHER ORDERED that this action is **DISMISSED** and designated as **CLOSED** on the Court's docket.

s/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated: September 29, 2023